Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7455 | **DATE** | 2/28/2002 |
| **CASE TITLE** | United States of America vs. William E. Boyd | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the foregoing reasons, the Court DENIES Kelly's Petition for a Writ of Habeas of Corpus pursuant to 28 U.S.C. Section 2254, with prejudice, and this case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 28 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TP | courtroom deputy's initials | 02 FEB 28 AM 11:06 Date/time received in central Clerk's Office | FEB 28 2002 date mailed notice  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. WILLIE KELLY, )<br>)<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM E. BOYD, Warden, )<br>)<br>Respondent. ) | DOCKETED<br>FEB 28 2002<br><br>No. 99 C 7455<br><br>HON. JOHN A. NORDBERG |

## MEMORANDUM OPINION AND ORDER

Petitioner Willie Kelly ("Kelly") was convicted of murder in Illinois state court. Kelly unsuccessfully challenged this conviction on direct appeal and in a post-conviction action in state court. Kelly has now filed a *pro se* Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in this court.

## BACKGROUND

The relevant facts, as summarized by the Illinois Appellate Court, are as follows. On March 3, 1996, Kelly had a dispute with a female acquaintance at her apartment building. After spending part of the evening with her in her apartment, Kelly discovered that his money ($4) was missing. He searched for the woman and went to Kimberly Smith's apartment across the hall. Smith had numerous guests, including Claudette Cameron. Afterward, he went back to the woman's apartment, banged on the door, and yelled about his missing money. Agitated and angry, he left the building. While outside, he hurled a bottle through the window of (what he thought was) the woman's apartment. A few moments later, he fired three shots through the

window, killing Claudette Cameron. Kelly told police that he threw the bottle and fired the shots because he was angry at the woman that took his money. At trial, Kelly's defense was denial, and he presented a witness that he was not the shooter, attacked his confession as involuntary, and generally challenged the State's evidence.

On January 9, 1996, Kelly was convicted of the first degree murder in Circuit Court of Cook County, Illinois and sentenced to thirty years' imprisonment. Kelly appealed the conviction, raising the following issues: (1) that the trial court erred in failing to instruct the jury sua sponte on involuntary manslaughter; (2) that he was prejudiced when the trial court, outside his presence, responded to a question from the jury during deliberations; (3) that the State failed to prove the requisite intent for murder ; and (4) that he was denied effective assistance of counsel. The Illinois Appellate Court affirmed Kelly's conviction on November 21, 1997. ("Illinois Appellate Decision.") Kelly filed a petition for review in the Illinois Supreme Court, which raised the following issues: (1) that the appellate court erred in concluding the trial court acted appropriately in not providing the jury an instruction on involuntary manslaughter; (2) the appellate court erred in concluding Kelly's right to be present at all proceedings had not been violated; and (3) that the appellate court erred in concluding trial counsel was not ineffective. The Illinois Supreme Court denied the petition for review on April 1, 1998. Shortly thereafter, Kelly filed a post-conviction action in the Circuit Court of Cook County, raising two issues: (1) that the trial court erred in failing to instruct the jury regarding involuntary manslaughter; and (2) ineffective assistance of counsel. The petition was denied on November 20, 1998, as barred by waiver and res judicata. No appeal was taken from this decision.

Kelly filed the instant habeas petition on November 15, 1999[1], and raises the following issues:

1. that his conviction was invalid because the trial court failed to sua sponte instruct the jury on involuntary manslaughter;

2. that his conviction was invalid because the trial court violated his right to be present at trial when it answered a question from the jury outside his presence;

3. that his conviction was invalid because there was insufficient evidence to establish intent; and

4. that defense counsel was ineffective because counsel failed to tender an involuntary manslaughter instruction and agreed to the judge's negative response when the jury asked if it could convict on a lesser included offense.

Kelly presented his claims in terse, laundry list fashion, with no citation to authority, discussion of the relevant legal standards, or recitation of key facts. The State answered that the claims were meritless. Kelly filed a reply, which appears to be a photocopy of one of his state briefs with a different cover.

## LEGAL STANDARDS

Through the mechanism of habeas corpus, a federal court may vacate a state prisoner's conviction or sentence where that prisoner is being held in violation of the United States Constitution or other federal laws or treaties. *See* 28 U.S.C. § 2254; *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997). A federal court may grant a prisoner's § 2254 petition if the state court "adjudication of the claim - (1) resulted in a decision that was contrary to, or involved

---

[1] Narrowly beating the one-year deadline established in 28 U.S.C. § 2244.

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or - (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented..." 28 U.S.C. § 2254(d). Determinations of factual issues made by the state court are presumed to be correct; the petitioner has the burden of rebutting them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000). "[A]n unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Id.* at 1522. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of the clearly established federal law was objectively unreasonable." *Id.* at 1521 (rejecting the "all reasonable jurists" standard). As Judge Evans succinctly put it "[t]he upshot of all this is that federal review is now severely restricted; the fact that we may think certain things could have been handled better by the state trial judge or by the prosecuting attorney or by a state reviewing court means very little." *Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir. 1999). As to the "contrary to" prong, the federal court reviews "the state court decision de novo to decide what is clearly established law as determined by the Supreme Court and whether the state court decision was 'contrary to' that Supreme Court precedent." *U.S. ex rel. Bell v. Pierson*, 267 F.3d 544, 557 (7th Cir. 2001).

4

A habeas court "will not review a question of federal law decided by a state court if that decision rests on state law grounds that are independent of the federal question and adequate to support the judgment." *Franklin v. Gilmore*, 188 F.3d 877, 881(7th Cir. 1999), *cert denied*, 529 U.S. 1039 (2000). To be "independent," the state court must have relied on the state procedural bar "as an independent basis for its disposition of the case." *Bell*, 267 F.3d at 556 (internal quote omitted). State rules are not adequate to bar federal review unless they are firmly established and regularly applied at the time of the case being reviewed. *Franklin*, 188 F.3d at 882. The Illinois rules of waiver and res judicata are independent and adequate state law grounds. *Id.* at 882-3; *Clemons v. Snyder*, No. 01 cv 3846, 2001 WL 1104602, at *4 (N.D. Ill. Sept. 18, 2001) ;*U.S. ex rel. Jellis v. Briley*, No. 00 cv 50394, 2001 WL 640972, at *4 (N.D. Ill. June 6, 2001); *U.S. ex rel. Monegan v. Page*, No. 98 cv 2483, 1999 WL 1267719, at *4-5 (N.D. Ill. Nov. 18, 1999).

A federal court may not review the merits of claims raised in a § 2254 petition unless the petitioner has (1) exhausted all the remedies available to him in state court; and (2) fairly presented his federal claims in state court first. *McGowan*, 109 F.3d at 1172. To exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999). In Illinois, the claims must be presented through both levels of the two-tiered appellate process, which includes a petition for review by the Illinois Supreme Court. *Id.* at 1732-33 (failure to do so results in a procedural default).

In sum, a petitioner can procedurally default a claim by completely failing to raise the claim in the state court system or where the state court has declined to address the merits of the

5

claim because of petitioner's failure to comply with a state procedural rule or where petitioner failed to properly appeal his claim in the state court system. *See U.S. ex rel. Johnson v. Tally*, 47 F. Supp. 2d 943, 947 (N.D. Ill. 1999). If a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) cause for and actual prejudice from failing to raise the claim as required, or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir.1996) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). The fundamental miscarriage of justice exception requires a claim that the petitioner be actually innocent of the crime. *Id.* at 1212.

While *pro se* pleadings are construed liberally, the petitioner "must at least briefly summarize the facts in support of each claim for relief." *Etienne v. Weber*, No. 97 C 5647, 1999 WL 417354 at *3 (N.D. Ill. June 16, 1999). Section 2254 and Rule 2(c) do not require federal courts to winnow through the entire state court record to ascertain whether there are any facts which could support habeas relief. *Tally*, 47 F. Supp. 2d at 953-4. *See also U.S. ex rel. Reed v. Clark*, No. 99cv1612, 2000 WL 765094, at *13 (N.D. Ill. June 12, 2000). The petitioner is required to state facts that indicate a genuine possibility of constitutional error. *Id.* (notice pleading inadequate.) *See also U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303, 307-8 (N.D. Ill. 1997); *U.S. ex rel. Beyah v. Gramley*, No. 98cv1865, 1998 WL 867411, at *11 (N.D. Ill. Dec. 3, 1998). This is consistent with the more general rule that a court need not address arguments that are undeveloped. *See generally United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999).

## DISCUSSION

We note at the outset that our review is hampered by Kelly's limited presentation. In his original petition, he merely identifies issues, with no recitation of relevant facts, presentation of legal argument, nor any reference to how the Illinois court's decision is unreasonable or contrary to controlling authority. His reply is no great improvement, as it appears to be a photocopy of his state brief, which focuses upon state court cases and arguments better suited for a direct appeal than a habeas court's review.[2]

### A. Failure of State Trial Court to Submit Instruction for Involuntary Manslaughter

Kelly maintains that his due process rights were violated by the trial court's failure to sua sponte instruct the jury on involuntary manslaughter. While he presents no argument with his original petition, in his "reply," he argues that he was entitled to the instruction because the evidence established recklessness rather than intent to kill, and that the failure to present the instruction rendered the proceeding unfair. The State maintains that the state court applied the correct standard and came to a reasonable result.

At trial, charged with first degree murder, Kelly's defense was to deny that he was the shooter. His counsel neither requested nor tendered an involuntary manslaughter instruction. (Illinois Appellate Decision at 5.) The appellate court concluded that the decision to tender a lesser included offense instruction belongs to the defendant, and the trial court has no greater right than counsel to make the decision for the defendant sua sponte. (*Id.* at 6-7.)

---

[2]To the extent the reply discusses issues raised in the state court but not his original petition before this court, it will be disregarded.

7

Ordinarily, a state trial court's failure to instruct the jury on a lesser included offense "does not implicate a federal constitutional question and will not be considered in a federal habeas corpus proceeding." *Reeves v. Battles*, 272 F.3d 918, 920 (7th Cir. 2001). The exception to this rule occurs when the failure to provide the instruction "constituted a defect so fundamental that it results in a complete miscarriage of justice or omission inconsistent with the standards of fair procedure." *Id.* A petitioner's burden is very heavy in establishing such a claim, as an omission is less likely to be prejudicial than an errant statement of the applicable law. *Id.*

We note at the outset that the state trial court applied a different legal principle–that the trial court had no authority to present a lesser included offense instruction without the defendant's consent—rather than the fundamental fairness/miscarriage justice standard. The State does not argue that this is as a consequence of Kelly's failure to fairly present the issue as a federal claim in state court or that the state court's decision rests on an independent and adequate state law ground. Nonetheless, we must conclude the state court's conclusion passes muster.

Kelly has presented no argument as to how the state court decision is an unreasonable application of or contrary to Supreme Court authority. Moreover, Kelly is suggesting that the trial judge should have overruled, sua sponte, defense counsel's strategic decision not to tender an involuntary manslaughter instruction. As opting for an all or nothing strategy in cases such as this one is not unusual(nor ineffective assistance), *see, e.g., U.S. ex rel. Smith v. Gilmore*, No. 97 cv 2827, 1999 WL 66571, at *2-3 (N.D. Ill. Feb. 8, 1999); *U.S. ex rel. Sumner v. Washington*, 840 F.Supp. 562, 572- 575(N.D. Ill. 1993), *aff'd*, 65 F.3d 170 (1995), there is no basis for concluding the trial judge's failure to tender the instruction resulted in a proceeding that was fundamentally unfair.

8

## B. Right to be Present at Proceeding

Kelly maintains that his conviction is void because he was not present at all proceedings, in particular when the trial court answered the jury's question regarding its ability to convict him of a lesser included offense.[3] Kelly maintains that he was prejudiced because, if he knew of the jury's question, he may have insisted upon an involuntary manslaughter instruction being given. The State argues that the state court reached the appropriate result under the appropriate standard.

At trial, the jury, after they had begun deliberating, sent a note to the judge asking whether they could convict Kelly of second degree murder or manslaughter. (Illinois Appellate Decision at 5-6.) The trial judge reached Kelly's attorney by phone, and Kelly's attorney, the judge, and the prosecutor all agreed that the only answer that could be given was "no." (*Id.* at 6.) The appellate court noted that the burden was on the prosecution to show that the defendant's absence from this portion of the proceeding was harmless beyond a reasonable doubt. (*Id.* at 7.) The appellate court concluded that the error was harmless, as the trial court could not have presented a lesser included offense instruction so late in the case without improperly influencing the jury. (*Id.* at 7-8.)

"The Supreme Court has held that the Confrontation Clause of the Sixth Amendment includes the 'right to be present in the courtroom at every stage of the trial'" *Ellsworth v. Levenhagen*, 248 F.3d 634, 640 (7th Cir. 2001) (*quoting Illinois v. Allen*, 397 U.S. 337, 338

---

[3]While the State does not address it, Kelly also seems to be challenging the trial court's response to the jury's question about reasonable doubt in his original petition. As Kelly does not address this issue in his reply, and his failure to present the claim to the Illinois Supreme Court resulted in a procedural default, we will deem the issue abandoned.

9

(1970). However, the right to be present "'is protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him.'" *Id.* (quoting *U.S. v. Gagnon*, 470 U.S. 522, 526 (1985). The due process right to be present for every communication between judge and jury is only implicated when the defendant's presence has a reasonably substantial relationship to the ability of the defendant to defend himself against the charges. *Id.* (full, fair hearing negated by his absence). The court must consider whether the contact between judge and jury tainted the trial and rendered it fundamentally unfair. *Id.*

The Illinois Appellate Court's conclusion is unassailable. Kelly presents no argument as to how the decision is an unreasonable application of or contrary to Supreme Court authority. Further, defense counsel and prosecutor were consulted and agreed with the ultimate response. Moreover, the response was completely consistent with defense counsel's strategy. Lastly, Kelly's assertion that, if present, he <u>may</u> have requested an instruction is pure speculation. In these circumstances, any error was harmless.

## C. Sufficiency of the Evidence

Petitioner maintains that his conviction is invalid because the evidence does not establish that he had the requisite intent to commit murder. The State believes that, viewing the evidence in the light most favorable to the prosecution, the verdict is amply supported.

The appellate court noted that the conviction could not be set aside "unless the evidence is so unreasonable, improbable, or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." (*Id.* at 8) (internal quote omitted). The appellate court concluded the evidence was adequate to show Kelly knew his acts created a strong probability of death or great

10

bodily harm. (*Id.* at 9). The court emphasized that Kelly knew there were people in the apartment, Kelly had visited the apartment the night of the shooting, and that Kelly admitted to firing multiple shots through the window. (*Id.*)

We note at the outset that this claim appears to be procedurally defaulted, due to Kelly's failure to raise the issue in his petition to the Illinois Supreme Court. However, the State has not argued default, so we seem to have a waiver of waiver. Unfortunately for Kelly, he does not fare well on the merits. The relevant standard is that a criminal conviction will only be overturned for insufficient evidence if, reviewing the evidence in the light most favorable to the State, no rational trier of fact could have found the elements of the crime established beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Piaskowski v. Bett*, 256 F.3d 687, 691 (7th Cir. 2001). On the current record, a jury could well conclude that Kelly was fully aware that there were people in the apartment and that he knew firing multiple gunshots in the apartment window created a substantial risk of death or great bodily harm.

### D. Ineffective Assistance of Counsel

Petitioner maintains that his defense attorney was ineffective because he failed to tender an involuntary manslaughter instruction, agreed with the trial judge when he told the jury it could not return a verdict on a lesser included offense, and failed to consult him before communicating with the judge. The State maintains that the state court properly decided issue.

The appellate court applied the controlling *Strickland* standard to this claim. (*See* Illinois Appellate Decision at 10.) The appellate court stated that, on the bare record,[4] they would not presume the decision not to tender a manslaughter instruction was made solely by counsel and that agreeing with the trial judge was not ineffective when there was no possible response. (Id. at 10-11).

To establish ineffective assistance of counsel, a defendant must show that counsel's representation "fell below an objective standard of reasonableness " and that counsel's "deficient performance prejudiced the defense." *Williams*, 120 S. Ct. at 1511(citing *Strickland v. Washington*, 466 U.S. 668, 687(1984)). Prejudice is defined as a reasonable probability that, but for counsel's mistake, the result in the case would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision. It should not depend on the idiosyncracies of the particular decision maker, such as unusual propensities toward harshness or leniency." *Id.* at 695. In reviewing a claim of ineffective assistance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

---

[4] We note parenthetically that this is the reason the Seventh Circuit discourages ineffective assistance of counsel claims on direct appeal; proceeding under §2255 permits a more developed factual record. *See, e.g., U.S. v. Pergler*, 233 F.3d 1005,1009 (7th Cir. 2000).

Kelly's counsel appears to have taken an all or nothing approach, giving the jury the option of convicting of murder or acquitting completely.[5] As discussed previously, taking such an approach is not ineffective assistance, if there is a basis in the record for concluding counsel made a strategic decision not to present an alternative instruction. *See Sumner*, 840 F.Supp. at 572-575. *See also Smith*, 1999 WL 66571 at *2-3. However, in some circumstances, the evidence will be such that counsel's failure to give the jury an intermediate choice is ineffective assistance. For example, in *U.S. ex rel. Barnard v. Lane*, 819 F.2d 798, 803-4 (7th Cir. 1987), counsel failed to submit an alternative instruction after his client had already testified to arming himself and shooting the decedent, which left the jury no alternative but to return a murder conviction.

Matters are closely balanced here. The State presented witnesses and Kelly's confession; the defense responded with a witness that Kelly was not the shooter and challenged the confession as coerced. In these circumstances, there may have been benefits to giving the jury an alternative verdict of involuntary manslaughter; however, we review counsel's strategic decisions with deference, not with the benefits of hindsight. Therefore, we must conclude counsel was not ineffective. Similarly, if counsel's strategy was not constitute ineffective assistance, his agreement with the judge regarding the jury's question, which was consistent with his strategy, was not ineffective assistance.

---

[5]Although he appeared to have some hesitation, as evidenced by his request for a second degree murder instruction, which the trial court apparently denied because there was no evidence of provocation in the record.

13

## CONCLUSION

For the foregoing reasons, the Court DENIES Kelly's Petition for a Writ of Habeas of Corpus pursuant to 28 U.S.C. § 2254, with prejudice, and this case is terminated. If Kelly wishes to appeal the denial of his habeas petition, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of judgment in this case. Any appeal of the habeas petition should be accompanied by a request for a certificate of appealability, including a statement as to why a certificate should issue. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).

**ENTER:**

_____
John A. Nordberg
Senior United States District Judge

Dated: February 27, 2002